# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA TOTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 09-1692 |
| vs. ) | Judge Nora Barry Fischer |
| ) | |
| CALIFORNIA UNIVERSITY OF ) | |
| PENNSYLVANIA, ANGELO ARMENTI, ) | |
| and SEAN MADDEN, ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

AND NOW this 15th day of June, 2011, upon consideration of Plaintiff's Motion to Compel Discovery (Docket No. [37]) and Defendants' Response to Plaintiff's Motion to Compel Discovery (Docket No. [42]), IT IS HEREBY ORDERED that Plaintiff's motion (Docket No. [37]) is GRANTED in accordance with the following.

This discovery dispute arises from the deposition of Defendant Armani's assistant, Dee Stalvey. Ms. Stalvey was asked if she had been made aware that the defendants were no longer to be represented by the Commonwealth of Pennsylvania Attorney General in this case, but would be represented in the future by a private law firm. Ms. Stalvey answered that she was made aware of the change of counsel in the presence of counsel. (Stalvey Deposition Transcript, p. 90). Ms. Stalvey was then asked if Defendant Armani ever discussed the decision to change counsel wither outside the presence of counsel. Her answer was in the affirmative. (*Id*.). Ms. Stalvey was, at that time, asked the question in dispute. "What did he say?" (*Id*.).

1

Counsel for Defendants interpreted the question as asking for privileged information, i.e. communications from counsel or involved in the reasons for the selection of counsel and instructed Ms. Stalvey not to answer. (*Id*., at pp. 90-92). In response to the Motion to Compel, Counsel for Defendants now raises the matter of relevance, i.e. whether the information sought is within the scope of discovery, as an additional reason that the question is improper and the objection well taken. (Docket No. [42], pp. 8-9).

Counsel for Plaintiff argues that any privilege was waived when Defendant Armani discussed the matter with Ms. Stalvey outside the presence of counsel. The implication is that the discussion between Defendant Armani and Ms. Stalvey waives any privilege that might have covered information as to the reason for the decision to change counsel. Additionally, Counsel for plaintiff asserts that the reason or reasons for the decision to change counsel might demonstrate that Plaintiff is being treated differently from others similarly situated and is thus relevant. (*Id*., at pp. 90-92). Moreover, Counsel for Plaintiff argues that the question of relevance does not permit an instruction to a deponent not answer a particular question. (Docket No. [37], p. 2).

The dispute is a very narrow one. Simply stated, the question seeks Ms. Stalvey's answer, if any, as to what Defendant Armani told her about the change of counsel outside the presence of counsel and no more.

The attorney-client privilege claimed by Counsel for Defendant applies only to communications between counsel and client or client representative. Communications with people *outside* the attorney-client relationship *about* attorney-client communications are not privileged. *Traficante v. Homeq Servicing Corp.,* 2010 WL 3167435 *1-2 (W.D.Pa. August 10, 2010). Here, Defendant Armanti might have discussed the contents of communications between

counsel and himself with Ms. Stalvey. Neither being attorneys, and counsel not being present, there is no privilege regarding that particular conversation.

The Court notes specifically the requirement that the information sought need not be admissible at trial if it is *reasonably calculated to lead to the discovery of admissible evidence*. Fed. R. Civ. P. 26; *See also In Re Gateway Engineers, Inc.,* 2009 WL 3296625 (W.D.Pa.); *Texas Capital Corp. v. Fleet Capital Corp.,* 2004 WL 1472778 (E.D.Pa.). The complaint and its claims circumscribe the scope of discovery. It is against these claims that discoverability is determined as to each discovery request made. *See Texas Capital Corp.,* 2004 WL 1472778 *1. The amended complaint, (Docket No. [10]), sets forth allegations that Plaintiff was treated differently than others similarly situated because she was a woman and of Polish descent. The scope of discovery would therefore include any matter that might demonstrate disparate treatment by Defendants toward Plaintiff.

The question of what Defendant Armani told Ms. Stalvey about the change of counsel outside the presence of counsel is permissible as the Court finds that the question seeks information that is not privileged and could lead to the discovery of admissible evidence. For example, beyond facts demonstrating differing treatment for Plaintiff, Ms. Stalvey might have been informed about Defendants' insurance coverage, retained risk, or the like, any of which might have required a change in counsel, and all of which is discoverable.[1]

The more difficult issue concerns follow up questions. The Court takes no position at this time with regard to potential additional questions and expects counsel to adhere to the Federal Rules of Civil Procedure and local rules governing such depositions.

---

[1] Indeed information concerning insurance coverage is subject to disclosure at the outset of litigation. Fed. R. Civ. P. 26(a)(1)(A)(iv).

In light of this ruling, Ms. Stalvey shall present herself for a continuation of her deposition within 30 days of this order.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record