# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA TOTH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 09-1692 ) |
| CALIFORNIA UNIVERSITY OF PENNSYLVANIA, and ANGELO ARMENTI | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

AND NOW, this 19th day of March, 2012, upon consideration of Plaintiff's Motion to Strike Vicki Beatty, Esq. as a Witness (Docket No. [90]), Plaintiff's Exhibits in Support Thereof (Docket No. [91]), Defendants' Response in Opposition thereto (Docket No. [93]), the Court's independent research and the March 19, 2012 Oral Argument thereon, the Court rules as follows,

Based upon Defense counsel's representations, Vicki Beatty will offer substantive testimony and not merely impeachment testimony. To the extent that she will provide substantive testimony, Defendants have violated Federal Rule of Civil Procedure 26, as they failed to list Vicki Beatty as a witness during discovery and Defendants failed to demonstrate that their failure to disclose was substantially justified or constitutes harmless error, under Federal Rule of Civil Procedure 37.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) states that a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to

1

support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1)(A)(i). *In Hayes v. Cha*, the United States District Court for the District of New Jersey found that with respect to impeachment, it is "the rare case where an attack on a witness's credibility cannot be linked to some substantive element of a claim." *Hayes v. Cha*, 338 F.Supp.2d 470, 504 (D.N.J. 2004) (citing *Halbasch v. Med-Data, Inc.*, 192 F.R.D. 641 (D.OR. 2000)). As a result, if the impeachment evidence could have been offered for substantive purposes, it violates the disclosure requirement of Rule 26. *Id.* When a party fails to disclose a witness under Rule 26, that party is not allowed to use that witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Furthermore, Rule 26 was designed to prevent trial-by-ambush and district courts are granted discretion in determining these issues. *See Hayes*, 338 F.Supp.2d at 503; *see also Newman v. GHS Osteopathic, Inc., Parkview Hospital Division*, 60 F.3d 153, 156 (3d Cir. 1995).

Defendants' injection of Vicki Beatty as a witness at this late stage raises a number of issues, which should have been addressed during discovery or in the Pre-Trial Statements, which have already been filed with this Court. (See Docket Nos. [82] and [83]). First, her injection is disruptive to the administration of justice in this Court and the speedy resolution of this case, as it will likely derail the July 9, 2012 trial date [85], which is long overdue, as this case has been pending since December 24, 2009 [1]. Second, Vicki Beatty's involvement as a witness will raise issues involving the attorney-client privilege and work product, as she will be subject to cross examination regarding her attorney-client relationship with the Defendants and her and her firm's billing practices. Finally, it appears that the intended testimony of Vicki Beatty can be elicited through other witnesses, who were properly disclosed under Rule 26.

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Vicki Beatty, Esq. as a Witness (Docket No. [90]), is GRANTED, without prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf:  All Counsel of Record